IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JASON T. GATLIN,

      Plaintiff,

vs.                                                                                                 1:20-cv-00865-JCH-LF

NEW MEXICO DEPARTMENT OF CORRECTIONS,
and CORECIVIC INC.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on defendant New Mexico Corrections Department's ("NMCD") Motion to Dismiss Complaint, filed on July 30, 2021. Doc. 16. Plaintiff Jason T. Gatlin filed his response on August 31, 2021. Doc. 18. NMCD filed its reply on August 21, 2021. Doc. 20. The Honorable District Judge Judith C. Herrera referred this case to me to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 9. Having read the submissions of the parties and the relevant case law, I find that the motion is well-taken, and I recommend that the Court GRANT the motion.

**I.  Standard of Review**

In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a complaint must include enough facts to

state a claim to relief that is plausible on its face. *Id.* at 555–56. The allegations must be sufficient to establish that, if true, "the plaintiff plausibly (not just speculatively) has a claim for relief." *Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1224 (10th Cir. 2009) (internal quotation marks and citation omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 550 U.S. at 556. Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal,* 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).[1]

---

[1] Mr. Gatlin recites a standard for dismissal that is outdated and inapplicable. Citing *Morse v. Regents of Univ. of Colorado*, 154 F.3d 1124, 1127 (10th Cir. 1998), Mr. Gatlin contends that dismissal is inappropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Doc. 18 at 3. The standard applied in *Morse* comes from a 1957 case, *Conley v. Gibson*, 355 U.S. 41 (1957). Mr. Gatlin also relies on *Conley* for the proposition that the Federal Rules of Civil Procedure require that "a plaintiff's statement of the claims in their Complaint only include a 'short and plain statement . . . showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. at 5 (quoting *Conley*, 355 U.S. at 47). *Conley* was abrogated by *Twombly* in 2007 and is no longer the standard for evaluating the sufficiency of a complaint under Rule 12(b)(6). *See Twombly*, 550 U.S. at 560–63 (explaining that the phrase "prove no set of facts in support of his claim" "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Mr. Gatlin also cites to the New Mexico State cases of *Young v. Van Duyne*, 2004-NMCA-074, 135 N.M. 695, 92 P.3d 1269 and *Madrid v. Vill. of Chama*, 2012-NMCA-071, 283 P.3d 871, which recite standards for a motion to dismiss in state court that are inapplicable in this Court.

2

## II.  Facts Considered by the Court

As an initial matter, in his response, Mr. Gatlin submits "Plaintiff's Statement of Material Facts." Doc. 18 at 4. A statement of material facts is generally not considered when addressing a motion to dismiss pursuant to Rule 12(b)(6) because the court accepts all factual allegations contained in the complaint as true and does not look beyond the facts alleged in the complaint. Courts must evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the Court, when addressing a Rule 12(b)(6) motion, looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment. FED. R. CIV. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).[2]

---

[2] The standard for evaluating a motion for summary judgment is different than the standard for evaluating a motion to dismiss. Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. The movant bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "[T]he movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. The non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the non-movant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

## II.  Facts Considered by the Court

As an initial matter, in his response, Mr. Gatlin submits "Plaintiff's Statement of Material Facts." Doc. 18 at 4. A statement of material facts is generally not considered when addressing a motion to dismiss pursuant to Rule 12(b)(6) because the court accepts all factual allegations contained in the complaint as true and does not look beyond the facts alleged in the complaint. Courts must evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. If the Court, when addressing a Rule 12(b)(6) motion, looks to matters that were not attached to the complaint or incorporated into the complaint by reference, it generally must convert the motion to a Rule 56 motion for summary judgment. FED. R. CIV. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384–85 (10th Cir. 1997).[2]

---

[2] The standard for evaluating a motion for summary judgment is different than the standard for evaluating a motion to dismiss. Summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on the issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. The movant bears the initial burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). "[T]he movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)). If this burden is met, the non-movant must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Celotex*, 477 U.S. at 324. The non-moving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment. *See Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988). Rather, the non-movant has a responsibility to "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [his] case in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (alteration in original) (internal quotation marks omitted).

The Court may consider three types of documents relevant to a motion to dismiss without converting it to a motion for summary judgment. First, a court can take judicial notice of "documents and docket materials filed in other courts." *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1298 n.2 (10th Cir. 2014). Second, a court may consider documents that are a matter of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, if a "document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

In his "Statement of Material Facts," Mr. Gatlin asks the Court take judicial notice of *Gatlin v. Corizon Medical, et al*, 1:15-cv-00965-RB-KBM, a case filed in this court ("*Gatlin 1*"); *Gatlin v. CoreCivic, Inc., and Centurion Correctional Healthcare of New Mexico, L.L.C.*, D-202-CV-2020-00759, a case filed in New Mexico state court and subsequently removed to this Court and styled *Gatlin v. CoreCivic, Inc et al*, 1:21-cv-00680-RB-JHR ("*Gatlin 2*"); and the Second Revised Settlement Agreement in *Duran, et al v. Grisham, et al.*, 1:77-cv-00721-KK-SCY, Doc. 3205 (the "Duran Consent Decree"). Doc. 18 at 3–4. Mr. Gatlin appears to be asking the Court to accept the factual allegations contained in the other cases to supplement the allegations in the complaint he filed in this case. For example, Mr. Gatlin asks the Court to take judicial notice of *Gatlin 1* "with allegations of sexual assault" and the "presumption of violations of overcrowding under the 'Duran Consent Decree.'" *Id*. Mr. Gatlin provides no authority to support the notion that the Court can judicially notice factual allegations in a prior lawsuit to support a claim in a subsequent matter. Indeed, the law is to the contrary.

Although the Court may take judicial notice of docket materials and documents that are a matter of public record, it will take judicial notice only of those facts that are "not subject to

4

reasonable dispute." *Simon v. Taylor*, 252 F. Supp. 3d 1196, 1239 (D.N.M. 2017), *aff'd*, 794 F. App'x 703 (10th Cir. 2019) (unpublished). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2).

> Judicial notice is proper when a fact is beyond debate, for instance, what time the sun sets on a given day. When courts have taken judicial notice of contents of news articles, they have done so for proof that something is publicly known, not for the truth of the article's other assertions.

*The Estate of Lockett by & through Lockett v. Fallin*, 841 F.3d 1098, 1111 (10th Cir. 2016). "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." *Id*. (internal quotations and citations omitted). The Tenth Circuit has stated "that when a district court considers its own files and records in ruling on a Rule 12(b)(6) motion, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (internal quotations and citation omitted). The Court, therefore, will not take judicial notice of the factual allegations contained in *Gatlin 1* or *Gatlin 2*.³

The Court will take judicial notice of the existence of the "Duran Consent Decree" because it is a matter of public record. The Duran Consent Decree constitutes a settlement agreement between the parties in *Duran, et al v. Grisham, et al.*, 1:77-cv-00721-KK-SCY. The

---

³ Mr. Gatlin requests that the Court not only take judicial notice of *Gatlin 2*, but also that it stay this case until it can be consolidated with *Gatlin 2*. Doc. 18 at 4. The Court will not address Mr. Gatlin's request to stay this case because that issue is not properly before the Court. "A motion must be in writing and state with particularity the grounds and the relief sought." D.N.M.LR-Civ. 7.1. Mr. Gatlin did not file a motion to consolidate or stay proceedings in this matter, and a response to a motion to dismiss is not the proper vehicle to seek this relief. The Court notes that Mr. Gatlin also has not filed a motion to consolidate in *Gatlin 2*. *See Gatlin v. CoreCivic, Inc et al*, 1:21-cv-00680-RB-JHR.

Court will not take judicial notice of the factual allegations that led to the Duran Consent Decree, as those factual allegations are subject to reasonable dispute. The Court, however, may consider the Consent Decree to the extent it has any bearing on whether Mr. Gatlin states a claim for a violation of his constitutional rights based on a violation of the Consent Decree.

For the reasons stated above, the Court will not convert NMDC's motion to dismiss into a motion for summary judgment and will analyze the motion under the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.     Mr. Gatlin's Complaint

#### A.     Facts

Mr. Gatlin is an inmate housed at the Northwest New Mexico Corrections Center ("NNMCC") in Grants, New Mexico. Doc. 1-1 at 3. NNMCC is owned by CoreCivic Inc. *Id*. CoreCivic is under contract with the New Mexico Corrections Department ("NMCD"). *Id*. Mr. Gatlin alleges that CoreCivic and NMCD (collectively "defendants") are in violation of the Duran Consent Decree and knowingly have operated the CoreCivic facility well above maximum capacity. *Id*. Mr. Gatlin further alleges that defendants intentionally inflicted emotional distress, and mental and emotional injuries on him. *Id*. Mr. Gatlin has slept within arm's reach of another inmate for three years, which he alleges is in violation of the Prison Rape Elimination Act ("PREA"). *Id*. Mr. Gatlin has had five or more staph infections, which he alleges are a result of unsanitary living conditions. *Id*. In addition, the same meals have been served for over three years. *Id*.

#### B.     Mr. Gatlin's Claims

Mr. Gatlin alleges a violation of his Eighth Amendment and Fourteenth Amendment rights to be free from cruel and unusual punishment and his "right to be afforded a reasonable

degree of safety from serious bodily harm" (Count 1); a violation of his Eighth Amendment and Fourteenth Amendment rights of substantive due process (Count 2); and that defendants' custom, practice, or policy caused violations of his constitutional rights (Count 3). Doc. 1-1 at 4. Mr. Gatlin further alleges negligence, and negligently hiring, training, and credentialing by defendants' 1) failing to hire well qualified employees; 2) failing to provide or require adequate training of personnel; and 3) failing to provide adequate guidelines for the treatment, safety, and health of inmates (Count 4). Finally, Mr. Gatlin claims "negligence per se" alleging that defendants owed him a duty to use ordinary care in providing services at NNMCC, and that defendants failed to provide ordinary care, and acted willfully, recklessly, and negligently by inflicting emotional distress through their extreme and outrageous conduct (Count 5).

Mr. Gatlin's complaint fails to provide factual allegations sufficient to establish that, even if true, he has a plausible claim for relief against NMCD because NMCD cannot be sued for a violation of constitutional rights under 28 U.S.C. § 1983. Because Mr. Gatlin fails to state a constitutional claim against NMCD that provides this court with original jurisdiction, I recommend that the Court dismiss his constitutional claims against NMCD. I further recommend that the Court not exercise supplemental jurisdiction over his state law claims, and that it remand those claims to the state court.

## IV.  Discussion

   A.  <u>Plaintiff Fails to State a Claim Pursuant to § 1983</u>.

A plaintiff cannot sue for damages directly pursuant to the articles and amendments of the U.S. Constitution, but instead must bring any claim for damages based on a constitutional

7

violation under 42 U.S.C. § 1983.[4]  Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution.  *May v. Bd. of County Commissioners of Dona Ana County*, 426 F. Supp. 3d 1013, 1017–18 (D.N.M. 2019) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Section 1983 does not create any substantive rights, but merely provides the procedural mechanism for the enforcement of existing constitutional and federal statutory rights.  *Nelson v. Geringer*, 295 F.3d 1082, 1097 (10th Cir. 2002).  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

To state a claim for relief under § 1983, a plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by a federal statute or regulation, (2) that was proximately caused (3) by the conduct of a "person," (4) who acted under color of any state statute, ordinance, regulation, custom or usage.  *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).  There must be a connection between the official conduct and the violation of a constitutional right.  Conduct that is not connected to a constitutional violation is not actionable under § 1983.  *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of *respondeat superior* or vicarious liability for the actions of co-workers or subordinates.  *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  A government entity cannot be held liable for the acts of its employees and agents under § 1983;

---

[4] Mr. Gatlin acknowledges in his response—but does not allege in his complaint—that his claims are brought pursuant to § 1983.  Doc. 18 at 6, 7.

the government entity may only be held liable for its own constitutional torts. *Id.* Consequently, a plaintiff must plead that each government official, through the official's own actions, violated the plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

To state a claim under § 1983, it is particularly important that a plaintiff's complaint "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in the original). "[C]ollective allegations against the state" are not sufficient in a § 1983 claim; a plaintiff must identify who exactly injured him and then join that party as a defendant. *Id.*; *see also Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins*, 519 F.3d at 1250).

It is well settled that a state agency cannot be sued under § 1983 because it is not a "person" for the purposes of § 1983. *Hull v. State of New Mexico Taxation & Revenue Department's Motor Vehicle Div.*, 179 F. App'x 445, 446 (10th Cir. 2006) (unpublished). "[Section] 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Even where a state has waived its sovereign immunity, a plaintiff has no remedy against the state under § 1983 because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.* at 71. NMCD is a state agency and is not, therefore, a "person" under § 1983 as a matter of law. Even if Mr. Gatlin had identified a "person" who allegedly had violated his constitutional rights—which he did not—NMCD cannot be vicariously liable for that

9

person's actions.  *Monell*, 436 U.S. at 691.  Thus, Mr. Gatlin fails to state a claim against NMCD.

Because NMCD is not a person that can be sued pursuant to § 1983 for a violation of Mr. Gatlin's constitutional rights, I recommend that his claims against NMCD in Counts 1, 2, and 3 be dismissed with prejudice.  Rule of Civil Procedure Rule 15(a) provides that leave to amend a party's complaint "shall be freely given when justice so requires."  *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).  The district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint.  *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013).  Here, there are no set of facts that Mr. Gatlin could allege that would make NMCD a "person" for § 1983 purposes, and there is no nonfrivolous argument that NMCD is not a state entity.  Any amendment, therefore, is futile because any attempt to state a claim for a violation of a constitutional right against NMCD would be subject to dismissal.  Accordingly, I recommend dismissal with prejudice because it would be futile to allow Mr. Gatlin an opportunity to amend his complaint.

B.  Supplemental Jurisdiction

Federal courts are "courts of limited jurisdiction."  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  Federal courts have the authority to hear controversies arising under federal law—federal-question jurisdiction—and controversies arising between citizens of different states—diversity jurisdiction.  *See* 28 U.S.C. §§ 1331, 1332.  Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy.  *Exxon Mobil Corp.*, 545

U.S. at 552; 28 U.S.C. § 1367(a). Federal courts may exercise pendent jurisdiction over state law claims when "state and federal claims . . . derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).

"When all federal claims have been dismissed," however, "the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)). The Supreme Court has recognized:

> Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*United Mine Workers*, 383 U.S. at 726. A district court does not "abuse [its] discretion" when it declines to exercise supplemental jurisdiction over a claim "under 28 U.S.C. § 1367(c)(3) . . . where it 'has dismissed all claims over which it has original jurisdiction.' " *Muller v. Culbertson*, 408 F. App'x 194, 197 (10th Cir. 2011) (unpublished). This Court previously has stated that a district court usually should decline to exercise supplemental jurisdiction when 28 U.S.C. § 1367(c) applies. *See Armijo v. New Mexico*, 2009 WL 3672828, at *4, 2009 U.S. Dist. LEXIS 101917, at *4 (D.N.M. 2009) (unpublished) ("The Supreme Court and the Tenth Circuit have not only acknowledged such a result, they have encouraged it.").

Having determined that the claims that provide this Court with original jurisdiction should be dismissed, I further recommend that the Court decline to exercise supplemental jurisdiction over Mr. Gatlin's state law claims in Counts 4 and 5, and that it remand those claims to the state court.

      C.  <u>Mr. Gatlin's Arguments are Unavailing</u>.

In his response, Mr. Gatlin does not dispute that NMCD is not a suable entity under § 1983. *See generally* Doc. 18. Instead, he argues that NMCD is liable under New Mexico law for violations of the New Mexico Constitution and the New Mexico Tort Claims Act ("NMTCA"). Doc. 18 at 9–12, 13. This argument does not serve to overcome the fact that NMCD is not a "person" for § 1983 purposes. Because I recommend that the Court decline to exercise supplemental jurisdiction, Mr. Gatlin's arguments with regard to whether NMCD is liable under the New Mexico Constitution or the NMTCA need not be determined by this Court.

Mr. Gatlin further argues that the "Immunity Claimed is NOT an Absolute Immunity, but a Qualified Immunity." Doc. 18 at 12–13. Qualified immunity is an affirmative defense that must be raised by a defendant. *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). Public employees may raise qualified immunity as a defense when they are sued for alleged violations of a plaintiff's constitutional rights under § 1983. *See Valdez v. Roybal*, 186 F. Supp. 3d 1197, 1250–51 (D.N.M. 2016).

> To recover under § 1983, a plaintiff must establish the violation of a right secured by the Constitution and laws of the United States . . . . Because a plaintiff can neither recover under § 1983 from a government official nor overcome the official's assertion of qualified immunity without demonstrating that official violated his constitutional or statutory rights, the legal analysis required to surmount these separate obstacles is often related, if not identical.

*Dodds v. Richardson*, 614 F.3d 1185, 1193–94 (10th Cir. 2010) (internal citations and quotations omitted). Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would be aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under the Tenth Circuit's two-part test for evaluating qualified immunity, the plaintiff must show (1) that the defendant's conduct violated a constitutional or statutory

right, and (2) that the law governing the conduct was clearly established when the alleged violation occurred. *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998); *accord Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998). For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he [or she] is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Unless both prongs are satisfied, the defendant will not be required to "engage in expensive and time[-]consuming preparation to defend the suit on its merits." *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Qualified immunity, however, does not apply to a state entity because, as discussed above, the state is not a "person" for § 1983 purposes. Further, NMCD has not raised a qualified immunity defense, and Mr. Gatlin has not identified any "state official" whose conduct violated a constitutional or statutory right.

Mr. Gatlin's other arguments are similarly based on whether NMCD violated his constitutional rights and are similarly without merit. He asserts that "Plaintiff's claims are premised on constitutional protection against deliberate indifference to a prisoner's serious medical needs and protections from sexual assault" and that "Defendants have failed to implement the Duran Consent Decree and PREA thus violating Mr. Gatlin's constitutional rights." Doc. 18 at 14 (internal quotation marks omitted). Regardless of the truth of these assertions, Mr. Gatlin cannot establish that NMCD is a person that can be sued under § 1983. Therefore, these arguments are unavailing.

V. **Conclusion**

Mr. Gatlin's complaint fails to state a plausible claim against NMCD for a violation of his constitutional rights pursuant to § 1983 because NMCD is not a "person" for the purposes of

§ 1983.  I therefore recommend that his constitutional claims against NMCD in Counts 1, 2, and 3 be dismissed with prejudice.

Because Mr. Gatlin fails to state a claim over which the Court has original jurisdiction, I recommend that the Court not exercise supplemental jurisdiction over his state law claims in Counts 4 and 5, and that the Court remand those claims to the state court.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.**  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.**  *Id.*  **In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge